**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4908-17T1

COMEGNO LAW GROUP, PC,

    Plaintiff-Respondent,

v.

JOHN PHILLIPS, JR.,

    Defendant,

and

THE JOHN "JACK" PHILLIPS
FAMILY FOUNDATION LTD.,

    Intervenor-Appellant.

_____

Submitted May 7, 2019 – Decided May 22, 2019

Before Judges Fisher and Enright.

On appeal from Superior Court of New Jersey, Law Division, Camden County, Docket No. DC-2307-15.

Kit Applegate, attorney for appellant.

Saldutti Law Group, attorneys for respondent (Thomas B. O'Connell, on the brief).

PER CURIAM

Plaintiff filed this suit against only defendant John Phillips, Jr., in March 2015. Two months later, plaintiff obtained a default judgment against Phillips in the amount of $11,132.18. More than two years after entry of judgment, plaintiff levied on a bank account owned by The John "Jack" Phillips Family Foundation Ltd., which objected and submitted evidential materials to the court showing a distinction between it and Phillips, the judgment debtor. Plaintiff responded with materials suggesting that the Foundation should not be entitled to rely on its corporate veil.

The judge heard argument on whether plaintiff could levy against the Foundation's bank account. Without conducting an evidentiary hearing, the judge ruled against the Foundation and entered an order that required the turnover of the levied funds – less $1000 – to plaintiff.

The Foundation appeals, arguing that: plaintiff was wrongfully permitted to execute on its property because it is not the judgment debtor; any questions about the legitimacy of the Foundation's corporate veil and its liability for Phillips' debt may only be pursued in a separate lawsuit; and, even if these questions were a proper subject in this civil action, plaintiff failed to prove by clear and convincing evidence that the Foundation's corporate veil should be

A-4908-17T1

brushed aside. We agree that any arguments about the Foundation's corporate veil or its liability for Phillips' debt are matters to be pursued by way of a separate action.

Like any other person or entity, the Foundation was entitled to due process, which would include the right to have the civil claim against it set forth in a complaint, the right to be personally served with that complaint, the right to file a responsive pleading, the right to discovery, and all the other rights delineated in our court rules prior to the entry of a judgment against it. See Nelson v. Adams, 529 U.S. 460, 465-66 (2000). The proceedings in the trial court short-circuited all these rights. Indeed, it seems as though the mechanism employed in the trial court required that the Foundation disprove its liability rather than requiring plaintiff to prove its entitlement to relief. And, even if these questions were properly entertained in this civil action, the parties' submissions generated genuine factual disputes that could not be resolved without exploration at an evidentiary hearing.

The order under review is reversed and the matter remanded for entry of an order lifting the levy on the Foundation's bank account; the court is also empowered to enter other relief necessary to undo the actions taken against the

Foundation.  The Foundation's liability for the default judgment entered against plaintiff may only be pursued in a separate civil action.

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4908-17T1